CHICAGO, ST. P., M. & O. RY. Co. *v.* BECKER *et al.*, Railroad & Warehouse Commissioners.

*(Circuit Court, D. Minnesota.* July 28, 1888.)

1. COURTS—FEDERAL COURTS—SUITS AGAINST STATES.
   A suit by a railroad company chartered in one state, in a federal court, to restrain railroad commissioners of another state from putting in force a schedule of rates, is not a suit against a state, within the meaning of the eleventh amendment to the constitution of the United States. *Railway Co.* v. *Dey,* *ante,* 865.

2. RAILROAD COMPANIES—REGULATION OF CHARGES—STATE COMMISSION—REASONABLE RATE.
   State railroad commissioners cannot enforce a schedule of rates for switching cars in a city, which fixes the compensation at less than the actual cost to the railroad company for the work.

In Equity. Final hearing on pleadings and proofs.

Bill for an injunction by the Chicago, St. Paul, Minneapolis & Omaha Railway Company against George L. Becker, Horace Austin, and John L. Gibbs, as the railroad and warehouse commission for the state of Minnesota. For proceedings on preliminary motion, see 32 Fed. Rep. 849. From the evidence introduced by complainant (the defendants intro-

duced none) the following facts appear: The complainant made no charges for switching on its own line for business received over its own line, or destined for certain competitive points, but for switching cars to and from connecting railroads in Minneapolis to mills, warehouses, etc. During the month of December, 1887, which was a fair average month, complainant handled 4,387 cars, receiving switching charges on 608, amounting to $666. 501 cars were switched for $1 per car; 104 at $1.50 per car; and 3 at $3 per car. The expenses for yard service, after deducting for passenger service, amounted to $2,081.04; for track maintenance and repairs, $577.83; expenses of train-men, fuel, oil, etc., $2,381.96; rent of 3 engines, at $24 per day, $722.30. Total cash outlay, $5,763.13. Cash cost of handling each car, on the basis of the whole number handled, $1.31. Deducting the value of the use of the engines, and allowing nothing therefor, and the cost per car is $1.14. If the rate, as fixed by the commissioners, had been complied with, the complainant would have received as its proportion of the receipts, as compensation for switching the 608 paid cars, the sum of $347.50, or a little over 57 cents per car. The complainant's secured mortgage debt May, 1888, was $23,112,234.18, and its capital stock consists of 126,-468 shares preferred stock, par value, $100, and 214,032 shares common stock, of the same par value. Its bonded debt amounted to $17,-323.53 per mile, and its preferred stock to $9,478.75 per mile. Of the bonded debt all but $500,000 draws 6 per cent. interest, and the company pays 6 per cent. dividend on the preferred stock, and has never paid any dividend on the common stock. The property owned by complainant and used by it in the switching business in Minneapolis, not including rolling stock, cost complainant $527,881.91, and is now estimated to be worth $1,000,000.

*J. H. Howe* and *S. L. Perrin*, for complainant.

The enforcement of the rates as fixed by defendants is a confiscation of complainant's property. The supreme court of Minnesota (*State* v. *Railway Co.*, 37 N. W. Rep. 782) held that the decision of the commissioners as to reasonable rates is final and conclusive, and in proceedings to enforce compliance, the law neither contemplates nor allows any issue or inquiry as to their equality or reasonableness. The statute contains no provision requiring notice to the carrier of the proceeding to fix rates, nor is the carrier permitted to be heard before the commission or any court. The order herein reduces complainant's revenue. The want of the provision as to notice renders the whole section unconstitutional. *Stuart* v. *Palmer*, 74 N. Y. 183; *State* v. *Railroad Co.*, 36 Minn. 402, 31 N.W. Rep. 365; *Langford* v. *County Com'rs*, 16 Minn. 375; *Railroad Tax Cases*, 13 Fed. Rep. 722, 750–752, 762; *Davidson* v. *New Orleans*, 96 U. S. 97, 104, 105; *Garvin* v. *Daussman*, 16 N. E. Rep. 826; *Patten* v. *Green*, 13 Cal. 328; *Cooper* v. *Board of Public Works*, 108 E. C. L. 181.

The proof shows that a large portion of the switching consisted in receiving cars loaded with freight, from other states, from connecting carriers, and delivering it to the consignees. This is interstate commerce. See *Gibbons* v. *Ogden*, 9 Wheat. 1; *The Daniel Ball*, 10 Wall. 557; *Hall* v. *De Cuir*, 95 U. S. 485; *Mobile* v. *Kimball*, 102 U. S. 691. This statute fixes the cost of transportation, and there is no difference between a statute regulating the charge for transportation, and one levying a tax for the benefit of the state.

*Railroad Co.* v. *Illinois*, 118 U. S. 537, 7 Sup. Ct. Rep. 4; *Steam-Ship Co.* v. *Pennsylvania*, 122 U. S. 326, 7 Sup. Ct. Rep. 1118; *Railroad Co.* v. *Pennsylvania*, 15 Wall. 232; *Henderson* v. *New York*, 92 U. S. 259; *Ferry Co.* v. *Pennsylvania*, 114 U. S. 196, 5 Sup. Ct. Rep. 826; *Robbins* v. *Shelby*, 120 U. S. 489, 7 Sup. Ct. Rep. 592; *Fargo* v. *Michigan*, 121 U. S. 230, 7 Sup. Ct. Rep. 857. Conceding the right of the state to regulate complainant's rates, the right to regulate does not include the right to destroy. *Stone* v. *Trust Co.*, 116 U. S. 307, 331, 6 Sup. Ct. Rep. 338, 345.

The construction given by the state supreme court becomes part of the statute when the latter is under consideration by the United States supreme court. *Douglass* v. *Pike County*, 101 U. S. 686. Under the decision of the state court the carrier must operate his road for less than expenses. He must obey the law, or forfeit his charter for non-user. *Attorney General* v. *Railway Co.*, 36 Wis. 466; *State* v. *Railway Co.*, 36 Minn. 246, 30 N. W. Rep. 816; Redf. Rys. 605.

*Moses E. Clapp* and *Morrison, Flannery & Cook,* for defendant.

This is a proceeding against defendants in their official capacity, and is, in fact and in law, a suit against the state of Minnesota, whose officers they are. *State* v. *Railway Co.*, 37 N. W. Rep. 782; *In re Ayers*, 123 U. S. 443, 8 Sup. Ct. Rep. 164; *Poindexter* v. *Greenhow*, 114 U. S. 270, 5 Sup. Ct. Rep. 903; *U. S.* v. *Lee*, 106 U. S. 196, 1 Sup. Ct. Rep. 240. The right to regulate charges by common carriers is a legislative, not a judicial, function. *Munn* v. *Illinois*, 94 U. S. 113; *Railway Co.* v. *Iowa*, Id. 155; *Peik* v. *Railway Co.*, Id. 164; *Railway Co.* v. *Ackley*, Id. 179; *Railway Co.* v. *Blake*, Id. 180; *Stone* v. *Trust Co.*, 116 U. S. 307, 6 Sup. Ct. Rep. 334; *Dow* v. *Beidelman*, 8 Sup. Ct. Rep. 1028. The defendants, officers of the state, acting under a valid law, and within the scope of that law, cannot be interfered with by a court of equity. *Moores* v. *Smedly*, 6 Johns. Ch. 28; *Patterson* v. *Mayor*, 1 Paige, 115; *Judd* v. *Seaver*, 8 Paige, 548; *Mayor* v. *Meserole*, 26 Wend. 132; *Guest* v. *City of Brooklyn*, 69 N. Y. 506; *Litchfield* v. *Register & Receiver*, 9 Wall. 575. The complainants have an adequate remedy at law.

The evidence shows three classes of switching: *First*, what is done free of charge, because of being shipped over complainant's road; *second*, that which is done free of charge, not because it is complainant's business, but because it goes to competitive points: and, *third*, that for which a charge is made. The first class shows the necessity for maintaining the switching facilities. Complainant is unable to state the amount of switching embraced in the second class, which, except for the fact that it reaches competitive points, should be charged for. In view of the fact that a portion of the switching which should be charged for is not charged for, and unknown, no reasonable estimate can be made, based wholly upon charging for the balance of the work, of what a reasonable charge for all the work would be.

BREWER, J. This was a bill filed by complainant to restrain the defendants from putting in force a schedule of rates for switching services in the city of Minneapolis, in the state of Minnesota; the rate established by such schedule being one dollar per car as the maximum charge. The case is submitted on pleadings and proofs for final determination.

The opinion recently filed by me in the case of *Railway Co.* v. *Dey*, *ante*, 866, Southern district of Iowa, practically disposes of all the questions in this case, and of course I need not repeat the views or the reasons given therein. A suit to restrain the railroad commissioners from putting in force a schedule of rates is not a suit against the state, within

the purview of the eleventh amendment. It is not within the power of the state, directly or indirectly, to put in force a schedule of rates, when the rates prescribed therein will not pay the cost of service. In this case the defendant took no testimony, and the complainant's testimony shows that the actual cost of the service, that is, wages of employes, rent of engines, keeping the track in repair, exceeds per car by fourteen cents the amount allowed in the schedule as compensation. In other words, it costs complainant one dollar and fourteen cents per car to do the work, and the defendants propose to allow it to charge only one dollar. "The state cannot require a railroad corporation to carry persons or property without reward." *Railroad Commission Cases,* 116 U. S. 331, 6 Sup. Ct. Rep. 344.

Whether this order of defendants is an interference with interstate commerce or not, is a question I need not decide. My Brother NELSON, when the application for a preliminary injunction was made to him, was of the opinion that it was not. The case of *The Daniel Ball,* 10 Wall. 557, was relied upon by the complainant's counsel, but the defendants insist that the decision in *Stone* v. *Trust Co.,* 116 U. S. 307, 6 Sup. Ct. Rep. 334, shows that this order was no interference with interstate commerce, and, being later than the case in 10 Wall., in so far as it conflicts with that, overrules it. But the case of *Coe* v. *Town of Errol,* 116 U. S. 517, 6 Sup. Ct. Rep. 475, reaffirms the case in 10 Wall., and certainly makes it a very serious question whether, when property has been put in a car with the intent of shipping it outside of the state, it has not already commenced its interstate journey. However, I do not attempt to definitely decide this question, placing my decision upon the other grounds mentioned. A final decree will be entered in favor of the complainant, as prayed for.